IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Charlie Strickland, Jr., | ) CIVIL ACTION NO. 9:17-0067-PMD-BM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| County Council of Beaufort County, S.C., | ) |
| Jerri Ann Roseneau; Betty Ann Strickland, | ) |
| Peggy Rivers; Vanessa Bryan; and United | ) |
| States Department of Defense Finance & | ) |
| Accounting Service, Garnishment Operations | ) |
| Defendants. | ) |

This action was filed by the Plaintiff, pro se, asserting claims relating to the payment of child support. Specifically, Plaintiff alleges that the named natural Defendants Roseneau, Rivers and Bryan, all employees of Beaufort County, South Carolina, failed to notify the Defendant United States Department of Defense & Accounting Service (DFAS) that his case had been closed so that DFAS would cease to continue to withhold part of Plaintiff's income. Plaintiff, currently a resident of Minnesota, originally filed this case in the United States District Court for the District of Minnesota; however, by Order filed January 6, 2017, the case was transferred to the District of South Carolina.

The Defendant DFAS filed a motion to dismiss on February 17, 2017. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 21, 2017,

1



advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted. After receiving an extension, Plaintiff filed a response in opposition to the Defendant's motion on April 7, 2017.

The Defendant's motion is now before the Court for disposition.[1]

### Discussion

Plaintiff alleges that the Defendant DFAS violated his due process and equal protection rights by failing "to use reasonable care to investigate, pursuant to Federal Laws, their complying with the orders issued by the Family Court Judge" when it (allegedly) wrongfully withheld funds from Plaintiff's income for support payments Plaintiff alleges he did not owe. Complaint, ¶ 15. Plaintiff further alleges that "[a]ll of the defendants'" violated the Civil Rights Act of 1964 by "not keeping plaintiff free from discrimination because of his gender". Id., ¶ 16. Finally, Plaintiff alleges that the "Defendants" violated the requirement that they discharge their duties "without discrimination and to protect Plaintiff against unreasonable risk". Id., ¶ 17. With respect to DFAS, Plaintiff seeks an order awarding him punitive damages, as well as that DFAS be ordered "not to honor any requests for withholding funds . . . received from Beaufort County Family Court, without an attached signed order from a Family Court Judge for a period of ten (10) years". Id., ¶ ¶ 7 and 8.

When considering a Rule 12 motion to dismiss, the Court is required to accept the

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief against the Defendant "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments of the parties in conjunction with the applicable caselaw, the undersigned concludes for the reasons set forth hereinbelow that the Defendant DFAS is entitled to dismissal as a party Defendant in this case.

First, with respect to Plaintiff's constitutional claims, this Defendant enjoys sovereign immunity from suit in this Court. Under the well-established legal doctrine of sovereign immunity, the United States, its departments and its agencies cannot be sued without its express consent. United States v. Mitchell, 463 U.S. 206, 212 (1983); Global Mail Ltd. v. U.S. Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998) [federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit]. The United States has not consented to such suits. Moore v. U.S. Dep't of Agric., 55 F.3d 991, 995 (5th Cir. 1995) ["Bivens[2]-type claims cannot

---

[2]Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388
(continued...)



3

be brought against federal agencies"]; FDIC v. Meyer, 510 U.S. 471, 484–86 (1994) [declining to extend Bivens to permit suit against a federal agency].

Additionally, to the extent Plaintiff's claim against DFAS could be construed as being a negligence claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq.,[3] Plaintiff has failed to assert or allege that he exhausted his required administrative remedies prior to proceeding with his claim. See 28 U.S.C. § 2675(a) [requiring exhaustion of administrative remedies]; McNeil v. United States, 508 U.S. 106, 113 (1993) ["FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"]; Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994) [Noting that the FTCA's administrative exhaustion requirement is jurisdictional and may not be waived]. Indeed, the Defendant has filed a declaration from the Acting Chief for Operations and Records attesting that the Defendant has not received any administrative claim from the Plaintiff under the FTCA.[4] Therefore, any claim Plaintiff may be

---

[2](...continued)
(1971). In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982).

[3]Claims brought under Federal Tort Claims Act may also only be pursued against the United States, not against any federal agency, executive department, or employee. 28 U.S.C. § 2679, 2671; Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1998) ["It is beyond dispute that the United States, and not the responsible agency or employee, is the party Defendant in a federal torts claims Act suit".]. Moreover, the United States is not liable for punitive damages under the FTCA. See 28 U.S.C. § 2674.

[4]The Court may consider this declaration for purposes of deciding whether it has subject matter jurisdiction under Rule 12(b)(1). Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995); Adams v. Bail, 697 F.2d 1213, 1219 (4th Cir. 1982) [Noting a district court may consider evidence
(continued...)



asserting against DFAS under the Federal Tort Claims Act is also subject to dismissal.

With respect to Plaintiff's reference to the Civil Rights Act of 1964, Plaintiff concedes in his response brief that, although he has alleged in his Complaint that the "Defendants" are in violation of this Act, he "did not intend to name DFAS as violator of the Civil Rights Acts of 1964". See Plaintiff's Brief, p. 7.

Finally, although Congress has granted a limited waiver of the United States' sovereign immunity so as to allow garnishment proceedings to be brought against the United States for the enforcement of court ordered child support and alimony; see 42 U.S.C. § 659; the Defendant correctly notes that this limited waiver of immunity *does not* create a cause of action against the United States arising out of its *honoring* such garnishments. See Stephens v. U. S. Dept. of Navy, 589 F.2d 783 (4th Cir. 1979) [Noting that § 659 "merely waives the defense of sovereign immunity to state proceedings, while not creating a federal cause of action"]. Rather, § 659 merely eliminates the federal government's immunity from garnishment proceedings authorized under state law; it does not create a statutory right to relief by way of garnishment, nor does it provide an independent jurisdictional basis upon which a garnishment action may be maintained in a federal district court. Ndika v. Maranon, No. 17-27, 2017 WL 819869, at *2 (E.D. Va. Mar. 2, 2017)[Noting that "[t]he United States has waived sovereign immunity [only] to the extent that it may, under some circumstances, be made a third-party garnishee in garnishment proceedings. See 42 U.S.C. § 659(a)"]; see also Morrison v. Morrison, 408 F.Supp. 315 (N.D.Tx. 1976); Wilhelm v. U. S. Dept.

---

[4](...continued)
"by affidavit, depositions or live testimony" in disposing of a Rule 12(b)(1) motion.]; see also Perricott v. Colvin, No. 14-1996, 2015 WL 1268177 at * 4 (D.Md Mar. 18, 2015).



of Air Force Accounting & Finance Center, 418 F.Supp. 162 (S.D.Tx. 1976); Stubli v. Principi, 362 F.Supp. 2d 949, 951 (N.D.Ohio 2005) ["Section 659(a) creates neither a federal right to garnishment nor any federal jurisdiction over garnishment proceedings. This statute simply authorized federal agencies to honor state court garnishment orders providing for payment of child support and alimony"] (citation omitted); cf. Ndika, 2017 WL 819869, at *2 (quoting Diaz v. Diaz, 568 F.2d 1061, 1063 (4th Cir. 1977) ["[T]he purpose and effect of 42 U.S.C. § 659 is to waive the sovereign immunity of the United States for garnishment and like purposes in a limited class of State court actions involving the support obligations of government employees receiving, for example, federal pensions."].

Therefore, Plaintiff has failed to set forth a viable claim against the Defendant DFAS, and this Defendant should be dismissed as party Defendant in this case.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendant DFAS's motion to dismiss be **granted**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 14, 2017
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

