IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Charlie Strickland, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:17-cv-67-PMD-BM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| County Council of Beaufort County, S.C.; | ) | |
| Jerri Ann Roseneau; Betty Ann Strickland; | ) | |
| Peggy Rivers; Vanessa Bryan; | ) | |
| and United States Department of Defense | ) | |
| Finance &Accounting Service, | ) | |
| Garnishment Operations, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on *pro se* Plaintiff Charlie Strickland, Jr.'s objections to United States Magistrate Judge Bristow Marchant's Report and Recommendation ("R & R") (ECF Nos. 93 & 89). In his R & R, the Magistrate Judge recommends the Court grant the United States Department of Defense Finance and Accounting Service's ("DFAS") motion to dismiss (ECF No. 69). For the following reasons, the Court overrules Strickland's objections, adopts the R & R, and grants DFAS's motion.

**BACKGROUND**

Strickland, a retired marine, is suing over what he contends is the wrongful garnishing of funds from his military retirement account for child support. He alleges Defendants have engaged in fraud and gross negligence, that they have infringed upon his constitutional rights to due process and equal protection, and that they have violated the Civil Rights Act of 1964. He seeks injunctive relief as well as compensatory and punitive damages.

Strickland originally filed this case in the United States District Court for the District of Minnesota. After that court transferred the case here, DFAS moved to dismiss for lack of subject

matter jurisdiction and for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1), 12(b)(6). Strickland filed a response, and the Magistrate Judge then considered DFAS's motion.

In his R & R, the Magistrate Judge concluded Strickland's claims against DFAS should be dismissed for three reasons. First, DFAS has sovereign immunity from Strickland's constitutional claims. Second, Strickland's tort claims fail because he has not exhausted his administrative remedies, because he has sued a government office instead of the United States itself, and because Strickland cannot recover punitive damages from DFAS. Finally, 42 U.S.C. § 659 does not give Strickland a private right over the garnishing of his account.

Strickland timely filed objections to the R & R. Thus, this matter is ripe for review.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

Strickland first argues that the R & R misstates the nature of his lawsuit by stating he is asserting "claims related to the payment of child support." The Court sees nothing incorrect in that statement.

Second, Strickland contends that statements on page 2 of the R & R show the Magistrate Judge was biased against him. The Court sees no evidence of unfairness or bias; to the contrary, the R & R addresses Strickland's arguments with the liberal, benefit-of-the-doubt approach that *pro se* litigants are to receive.

Third, Strickland argues the R & R ignores that he has stated a prima facie case for negligence. The Court need not decide whether Strickland has sufficiently alleged a negligence claim. As the Magistrate Judge determined, and as Strickland concedes, he has failed to exhaust his administrative remedies, and DFAS is not the proper target of his tort claims.

Fourth, Strickland appears to assert that the R & R's analysis is not consistent with 42 U.S.C. §§ 659 and 660.[1] The Court sees no such inconsistency. Rather, the Magistrate Judge correctly interpreted § 659 as a limited waiver of sovereign immunity solely so that the United States may be made a third-party garnishee in garnishment proceedings. As for § 660, that section gives federal courts jurisdiction to hear state-initiated child support enforcement actions upon certification by the Secretary of Health and Human Services. There is no evidence that the Secretary has made such a certification here, but in any event, such certification would not give this Court jurisdiction over a suit initiated by Strickland. *See Stubli v. Principi*, 362 F. Supp. 2d 949, 951 (N.D. Ohio 2005) ("[C]ertification by the Secretary is limited to suits by a state agency. Certification may not be granted to a private individual.").

---
1. Strickland cites §§ 659 and 661. However, because § 661 was repealed in 1996, the Court believes the reference to § 661 was a typo.

Finally, Strickland concedes that DFAS is immune from some of his claims and, as mentioned, that he has failed to exhaust his administrative remedies before asserting tort claims. He asks that, in lieu of granting DFAS's motion, the Court allow him to voluntarily dismiss DFAS without prejudice while he pursues administrative relief. As the Magistrate Judge noted, however, even if Strickland exhausts his administrative remedies, DFAS is not the proper defendant to his tort claims. Consequently, allowing voluntary dismissal of DFAS is not warranted.

Strickland's remaining objections are either non-specific, are not directed at the R & R, or both. They are thus improper.

For the forgoing reasons, the Court overrules Strickland's objections. The Court has reviewed the rest of the R & R and sees no clear error in it. Therefore, the Court will adopt the R & R.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Strickland's objections are **OVERRULED**, that the R & R is **ADOPTED**, and that DFAS's motion to dismiss is **GRANTED**.[2] Strickland's claims against DFAS are **DISMISSED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**May 2, 2017**
**Charleston, South Carolina**

---

2. In the Court's view, Strickland cannot cure any of the defects in his claims against DFAS by amending his complaint. *See Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619, 623 (4th Cir. 2015). The Court therefore declines to automatically give Strickland leave to amend his complaint.